1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY MINER,                              No.  2:17-cv-1896-MCE-EFB P

12                  Plaintiff,

13            v.                                  FINDINGS AND RECOMMENDATIONS

14    W. DAVID SMILEY, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

18    § 1983, moves for a temporary restraining order and/or preliminary injunction.  ECF No. 43.

19    Plaintiff states that he complained about not having possession of his property and now fears

20    retaliation.  He seeks an order prohibiting his transfer to another institution until he is in

21    possession of his property.  For the reasons that follow, plaintiff's request should be denied.

22          A temporary restraining order may be issued upon a showing "that immediate and

23    irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

24    in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the

25    status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

26    longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

27    "The standards for granting a temporary restraining order and a preliminary injunction are

28    identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf.*

1    *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)

2    (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of

3    a temporary restraining order).

4         A preliminary injunction will not issue unless necessary to prevent threatened injury that

5    would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

6    *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

7    F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

8    power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,

9    326 F.2d 141, 143 (9th Cir. 1964).  To be entitled to preliminary injunctive relief, a party must

10   demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

11   in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

12   injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

13   2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has

14   also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing

15   the elements of the preliminary injunction test, so that a stronger showing of one element may

16   offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for the*

17   *Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious

18   questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can

19   support issuance of an injunction, assuming the other two elements of the *Winter* test are also

20   met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary

21   injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

22   court finds requires preliminary relief, and be the least intrusive means necessary to correct the

23   harm."  18 U.S.C. § 3626(a)(2).

24        Plaintiff fails to meet that standard.  This action proceeds on claims against defendants

25   employed at Mule Creek State Prison.  Plaintiff is now housed at the California Institute for Men,

26   and his current request involves neither Mule Creek State Prison nor the named defendants.

27   /////

28   /////

1  Because plaintiff's motion addresses conduct that is not a subject of this civil action, it does not

2  demonstrate either a likelihood of success or a serious question going to the merits of his

3  complaint.[1]  Also significant is that plaintiff fails to show that he will suffer imminent and

4  irreparable harm in the absence of the requested relief.  Rather, his vague fear of "retaliation" is

5  speculative, and his motion fails to show how being transferred before receipt of his property will

6  cause irreparable injury.  He has not shown that any disruption to his ability to access his property

7  would be permanent rather than temporary.  Nor has he shown that procedures are not available to

8  obtain what he needs if the property is temporarily unavailable.

9       For these reasons, plaintiff's motion for a temporary restraining order and/or preliminary

10  injunction must be denied.

11       Accordingly, it is hereby RECOMMENDED that plaintiff's motion for a temporary

12  restraining order and/or preliminary injunction (ECF No. 43) be denied.

13       These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

19  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20  DATED:  July 2, 2020.

21

22                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

23

24

25       [1] Generally, such unrelated allegations must be pursued through the prison administrative

26  process and then litigated in a separate action.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-
    1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir.

27  2010) (together holding that claims must be exhausted prior to the filing of the original or
    supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist.

28  LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011).